```
             UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANTHONY MONTEZ BROWN,         :   CIVIL NO. 3:12-CV-01065
                              :
        Plaintiff             :   (Judge Caputo)
                              :
     v.                       :   (Magistrate Judge Smyser)
                              :
PATROLMAN ANTHONY CALABRO,    :
et al.,                       :
        Defendants            :
```

**REPORT AND RECOMMENDATION**

We have reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that it fails to state a claim upon which relief may be granted.

I. Background and Procedural History.

The plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis.* The complaint named Luzerne County as the defendant. We granted the plaintiff's application for leave to proceed *in forma pauperis.* After reviewing the complaint in accordance with 28 U.S.C. § 1915(e)(2), we concluded that it failed to state a claim upon

which relief may be granted.  We granted the plaintiff leave to file an amended complaint.

The plaintiff filed an amended complaint.  The defendants are: 1) Patrolman Anthony Calabro; 2) Patrolman Jessica Bartalotta; 3) Chief Paul Porfirio; and 4) Judge David W. Lupas.  The plaintiff alleges the following facts in his amended complaint.

The plaintiff told defendant Calabro that he wanted to file charges against Mark Davenport for making terroristic threats and shooting his house, his car, and the West Pittston pool with a BB gun.  Defendant Bartalotta asked the plaintiff about his firearms.  The plaintiff told her that his firearms had nothing to do with filing charges against Davenport, but he offered to show her his license to carry the firearms.  She told him that he could lose his guns one of these days.  Defendants Calabro and Bartalotta refused to file charges against Davenport.  The plaintiff then called defendant Porfirio to complain about defendants Calabro and Bartalotta.  Defendant Porfirio told the plaintiff that there was nothing that he could do and that if the plaintiff sued Davenport bad things would happen.

Months later the plaintiff reported that Charles Hughes Jr. had committed a crime, but the plaintiff was falsely accused of the crime that he had reported.  Defendant Calabro released Hughes, who was under the influence of drugs and alcohol and who had a gun.  Defendant Bartalotta told the plaintiff that she was not going to process him because she did not like him.  Defendant Porfirio then started to process the plaintiff.  He threatened the plaintiff and told him to put his hat and face mask on for his mug shot.  He also told an FBI agent that the plaintiff was a ninja, thereby defaming his character.  Although the plaintiff wished to remain silent and to have a lawyer, defendant Calabro completed a police report and made the plaintiff sign it.

Defendant Lupas dismissed the plaintiff's Rule 600 motion.  During a court proceeding, he allowed everyone to speak except the plaintiff and he refused to let the plaintiff see a doctor.

The plaintiff is seeking compensatory damages, dismissal of his criminal charges, the return of his firearms, and restoration of his gun permit.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

5

III. Discussion.

We review the amended complaint in accordance with 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>    (i) is frivolous or malicious
>    (ii) fails to state a claim upon which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

This is a 42 U.S.C. § 1983 case. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state

6

law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff claims that the defendants violated his rights by not filing charges against Davenport. A private citizen, however, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Thus, the amended complaint fails to state a claim upon which relief may be granted based on the defendants' refusal to file charges against Davenport. Similarly, to the extent that the amended complaint is construed to raise a claim based on the defendants' failure to charge Hughes with a crime, it fails to state a claim upon which relief may be granted.

The plaintiff alleges that defendant Bartalotta asked him questions about his firearms and said that he may lose them someday. She also stated that she would not process the plaintiff because she did not like him. But such questions and statements did not violate the plaintiff's constitutional rights. Although the plaintiff seeks return of his firearms,

7

he does not allege that the named defendants seized his firearms.  Nor does he allege anything regarding the circumstances of any seizure of his firearms.

The plaintiff is seeking to hold defendant Porfirio liable for making him put his hat and facemask on for his mug shots. But he has not alleged how that violated his rights.

The plaintiff claims that defendant Porfirio's statement to an FBI agent that the plaintiff is a ninja defamed his character.  It is doubtful that such a statement could be seen as defamatory.  But, even assuming for the sake of argument that the statement was defamatory, it was not a violation of the plaintiff's constitutional rights.

The plaintiff claims that defendant Calabro prepared a police report and made him sign it even though he had wished to remain silent and to have a lawyer.  The plaintiff has not alleged that any statements in the police report were used against him during a trial.  Thus, he fails to state a claim upon which relief may be granted. *See Renda v. King,* 347 F.3d 550, 552 (3d Cir. 2003)(holding that a plaintiff may not base a

8

§ 1983 claim on the mere fact that police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial).

The plaintiff claims that defendant Lupas violated his rights by denying his Rule 600 motion and by his conduct in the courtroom.  Judges are immune from suit under section 1983 for monetary damages arising from their judicial acts. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. 2000). The plaintiff complains about judicial acts of defendant Lupas. Thus, defendant Lupas is protected by absolute immunity.

We note that the plaintiff is seeking dismissal of his criminal charges.  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   The

plaintiff cannot seek dismissal of his criminal charges in a 42 U.S.C. § 1983 case such as this case.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We granted the plaintiff leave to file an amended complaint, and he filed an amended complaint which fails to state a claim upon which relief may be granted. Further leave to amend would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that amended complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 12, 2012.