**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY MONTEZ BROWN,<br><br>     Plaintiff,<br><br>     v.<br><br>PATROLMAN ANTHONY CALABRO, *et al.*,<br><br>     Defendants. | CIVIL ACTION NO. 3:CV-12-1065<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE CARLSON) |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation (Doc. 11) recommending dismissal of Plaintiff Anthony Montez Brown's Amended Complaint. (Doc. 7.)  Because Mr. Brown fails to state a claim upon which relief may be granted, the Report and Recommendation will be adopted and the Amended Complaint will be dismissed.

**I. Background**

Mr. Brown commenced the instant action on June 6, 2012 naming Luzerne County as the sole defendant.  On June 20, 2012, Mr. Brown filed an Amended Complaint asserting claims against Officer Anthony Calabro, Officer Jessica Bartalotta, Chief Paul Porfirio, and Judge David. W. Lupas. (*Am. Compl.*)

Mr. Brown alleges that he told Defendant Calabro that he would like to file charges against Mark Davenport for making terroristic threats and shooting his house, car, and pool with a BB gun.  Thereafter, Defendant Bartalotta asked Mr. Brown about his firearms, and he informed Defendant Bartalotta that his complaints were unrelated to his firearms. However, Mr. Brown offered to show her his license to carry the firearms.  Mr. Brown also claims that Defendants Calabro and Bartalotta informed him that Mr. Davenport admitted to shooting the pool, but that no action would be taken against Mr. Davenport because the officers did not witness the events.  Defendant Bartalotta also told Mr. Brown that he could

lose his firearms.

Mr. Brown then contacted Defendant Porfirio to complain about the performance of Defendants Calabro and Bartalotta. Defendant Porfirio informed Mr. Brown that there was nothing he could do, and if Mr. Brown filed an action against Mr. Davenport, "bad things" would happen.

Months later, Mr. Brown reported a crime that Charles Hughes, Jr. allegedly committed, but Mr. Brown was falsely accused of the crime. Defendant Calabro then discriminated against Plaintiff and released Mr. Hughes while he was under the influence of alcohol and possessed a gun. Plaintiff was then told by Defendant Bartalotta that he would not be processed because she did not like him. Defendant Porfirio then started to process Mr. Brown, but he was required to wear a hat and face mask for his mug shot. Defendant Porfirio also told an FBI agent that Mr. Brown was a ninja. Additionally, Mr. Brown wished to exercise his right to remain silent, but Defendant Calabro completed a police report and required Plaintiff to sign it.

Defendant Judge Lupas then dismissed Mr. Brown's Rule 600 motion, and, during a court proceeding, Judge Lupas allowed everyone to speak except Mr. Brown and Judge Lupas refused to let Plaintiff see a doctor.

Mr. Brown's Amended Complaint seeks compensatory damages, dismissal of his criminal charges, the return of his firearms, and restoration of his gun permit.

## II. Discussion

On July 12, 2012, Magistrate Judge Smyser issued a Report and Recommendation (the "R & R") (Doc. 11) recommending that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. According to the Magistrate Judge, to the extent that Mr. Brown asserts that his rights were violated because criminal charges were not filed against Mr. Davenport or Mr. Hughes, the Amended Complaint fails to state

a claim because "a private citizen 'lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" (*Id*. at 7, (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).

Magistrate Judge Smyser also concludes that Mr. Brown's claim seeking return of his firearm should be dismissed because he fails to allege that the named Defendants seized his firearms "nor does he allege anything regarding the circumstances of any seizure of his firearms." (*Id*. at 8.) Additionally, the Magistrate Judge recommends dismissal of the claims against Defendant Porfirio because Plaintiff does not explain how being required to wear a hat and facemask during a mug shot violated his constitutional rights. Additionally, the Magistrate Judge concludes that Defendant's Porfirio's alleged statement that Plaintiff was a ninja did not amount to a constitutional violation. (*Id*.)

Furthermore, to the extent that Defendant Calabro made Mr. Brown sign a police report despite his wish to remain silent and have a lawyer, Magistrate Judge Smyser recommends the claim be dismissed because "the plaintiff has not alleged that any statements in the police report were used against him during a trial. Thus, he fails to state a claim upon which relief may be granted." (*Id*. (citing *Renda v. King*, 347 F.3d 550, 552 (3d Cir. 2003))).

As to the claims against Judge Lupas, Magistrate Judge Smyser concludes that the claims should be dismissed because "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." (*Id*. at 9 (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000))). And, to the extent that Mr. Brown is seeking dismissal of his criminal charges, the Magistrate Judge notes that "the plaintiff cannot seek dismissal of his criminal charges in a 42 U.S.C. § 1983 case." (*Id*. at 8-9.)

In his objections to the Report and Recommendation, consisting of only two paragraphs, Mr. Brown essentially restates the allegations in the Amended Complaint. (Doc.

12.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

Although Mr. Brown's objections reiterate the claims set forth in the Amended Complaint and fail to set forth specific objections to the Report and Recommendation, I will nevertheless review the recommendations in the R & R *de novo*. After Magistrate Judge Smyser sets forth the allegations and claims which Mr. Brown asserts, the Magistrate Judge addresses the specific legal issues raised by Plaintiff's claims. First, the Magistrate Judge correctly concludes that Mr. Brown fails to state a claim against Defendants for their refusal to file criminal charges against Mr. Davenport or Mr. Hughes because he lacks a judicially cognizable interest in the prosecution of others.

4

Second, the Magistrate Judge properly recommends dismissal of the alleged seizure of firearms claim because Mr. Brown has not asserted the circumstances in which the firearms were confiscated. And, Plaintiff's submissions indicate that his weapons are being "held in Police custody until after the trial." (Doc. 13.) In that regard, Plaintiff has not alleged how his constitutional rights have been violated.

The Magistrate Judge next reasons that the claims against Defendant Porfirio fail to state a violation of Mr. Brown's constitutional rights. Specifically, Magistrate Judge Smyser correctly reasons that even in the unlikely event that Defendant Calabro's reference to Mr. Brown as a ninja was a defamatory statement, such a comment did not violate Plaintiff's constitutional rights.

Furthermore, as Mr. Brown has not claimed that the police report that Defendant Calabro allegedly coerced him into signing has been used against him during trial, he has failed to state a claim upon which relief can be granted. *See, e.g., Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003); *see also Sanders v. Jackson Twp. Police Dep't*, No. 10-6305, 2011 WL 3438867, at *4 (D. N.J. Aug. 4, 2011) ("Because the Complaint does not support an inference that Sander's statement has been used against him at trial to obtain a criminal conviction, this § 1983 claim based on the statement fails.").

Finally, Mr. Brown's claim for damages against Judge Lupas fails because he is protected by absolute immunity for his judicial acts. *See, e.g., Wallace v. Powell*, No. 09-286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). And, to the extent that Plaintiff seeks dismissal of his criminal charges, such relief cannot be granted in a § 1983 action. *See, e.g., Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (the plaintiff "cannot seek dismissal of criminal charges in a § 1983 action").

Having considered the Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto, I agree with Magistrate Judge Smyser's conclusions that

Plaintiff has failed to state a claim upon which relief can be granted. And, because it would be futile to allow Mr. Brown a second opportunity to amend his complaint, the Report and Recommendation will be adopted in its entirety.

### III. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and the Amended Complaint will be dismissed.

An appropriate order follows.

| | |
|---|---|
| October 3, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |